IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


CHETTY MAMANDUR AND
UMA SUNKU MAMANDUR                                              PLAINTIFFS

V.                              NO: 4:05CV00482

RICHARD T. DONOVAN
JOHN D. COULTER AND
ROSE LAW FIRM                                                    DEFENDANTS

## ORDER

Pending is Defendants' motion for summary judgment. (Docket #6). Plaintiffs have responded. For the reasons set forth herein, Defendants' motion is granted.

### Facts

In December 1999, Plaintiffs opened a Command Account with Prudential Securities, Inc. ("Prudential"). This was a margin account that permitted short selling and option trading. On November 13, 2000, Plaintiffs hired Defendants to pursue claims against Prudential and Jimmy Earl Power, Jr. ("Power"). Defendants contend that after interviewing the Plaintiffs and researching the law, they determined that the Plaintiffs had two meritorious claims against Power and Prudential for broker negligence and wrongful liquidation of account. Plaintiffs contend that Defendants were negligent in failing to pursue a claim for margin call manipulations and unauthorized trades. Defendants argue that despite their professional advice that these additional claims lacked merit and detracted from Plaintiffs' stronger claims, Plaintiff Chetty Mamandur insisted on presenting the margin call claim as a part of his testimony and power point presentation at the arbitration. The arbitration panel ruled against Plaintiffs and in favor of Prudential's counterclaim. Plaintiffs filed the instant suit claiming that the Defendants

committed professional negligence in failing to include the margin call claim in arbitration. Defendants contend that summary judgment is proper at this time.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

The Arkansas Supreme Court has held that "[a]n attorney is negligent if he or she fails to exercise reasonable diligence and skill on behalf of the client.... In order to prevail on a claim of legal malpractice, a plaintiff must prove that the attorney's conduct fell below the generally accepted standard of practice and that such conduct proximately caused the plaintiff damages." *Pugh v. Griggs,* 327 Ark. 577, 581, 940 S.W.2d 445, 447 (1997).  "However, an attorney is not liable to a client when, acting in good faith, he or she makes mere errors of judgment.... Moreover, attorneys are not, as a matter of law, liable for a mistaken opinion on a point of law that has not been settled by a court of highest jurisdiction and on which reasonable attorneys may differ." *Johnson v. Daggett, Van Dover, Donovan & Perry*, PLLC, 99 F.Supp.2d 1008, 1012 (E.D.Ark.,2000) *citing, Pugh*, at 581-82, 940 S.W.2d at 447. This defense is often referred to as "judgmental immunity." *Id.*

Defendants argue that they evaluated the margin call claim suggested by Plaintiffs and made the professional judgment that the Plaintiffs' suggested claim lacked merit.  Plaintiffs contend that Defendants failed to act in good faith by failing to include every available claim before the arbitration panel.

In *Gans v. Mundy*, 762 F. 2d 338 (3rd Cir. 1985) the Court evaluated a professional negligence suit alleging that an attorney and his law firm were negligent in failing to include a

claim against a potential party in the plaintiff's personal injury suit. The Third Circuit applying Pennsylvania law, affirmed the district court's grant of summary judgment noting that "an attorney's considered decision involving at a minimum the requisite exercise of 'ordinary skill and capacity,' and which is an 'informed judgment' does not constitute malpractice. An attorney's conscious exercise of such judgment, 'even if subsequently proved to be erroneous, is not negligence.'" *Id.* at 341, *citations omitted*.

Plaintiffs have failed to present sufficient evidence to create a genuine issue of material fact as to whether the conduct of the Defendants fell below the generally accepted standard of practice. Further, even if reasonable attorneys would differ as to the inclusion or omission of the margin call claim, the good faith determination made by these attorneys does not amount to malpractice. Further, considering the fact that Plaintiff, Chetty Mamandur, included the claim in his testimony and power point presentation before the arbitration panel, Plaintiffs have failed to present sufficient evidence that the failure of his attorneys to include the claim proximately caused them damages.

Accordingly, Defendants' motion for summary judgment, docket #6, is GRANTED, Plaintiffs' complaint is dismissed, Defendants' counterclaim remains pending.

IT IS SO ORDERED this 17th day of October, 2005.


James M. Moody
United States District Judge